IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON,

                Plaintiff,

v.

RANDALL R. HEPP and EDWARD F. WALL,

                Defendants.

ORDER

16-cv-406-jdp

---

Plaintiff Norman Stapleton brings this case about unsafe levels of lead and copper in the water supply of the Fox Lake Correctional Institution. This order addresses issues regarding this case and related cases about the water at FLCI.

I previously granted Stapleton's motion under Federal Rule of Evidence 706 to appoint experts on water quality and medical and toxicology issues. The parties have agreed on nominees: medical/toxicology expert Alfred Franzblau and water-quality expert David W. Hand. The parties have also submitted estimates of the projected costs of the expert appointments. *See* Dkt. 63-1 (Stapleton's estimate for Franzblau); Dkt. 59 (defendants' estimate for Hand). I accept these estimates and I will formally appoint them as experts in this case.

Several other former and present FLCI inmates have lawsuits pending in this court in which they allege that they were harmed by lead or copper in the water supply:

- *Bates v. Hepp*, 16-cv-745-jdp
- *Tate v. Litscher*, 16-cv-826-jdp
- *Smith v. Hepp*, 17-cv-396-bbc
- *Canady v. Litscher*, 17-cv-513-jdp

- *Owens v. Litscher*, 17-cv-611-wmc
- *Gibson v. Hepp*, 17-cv-843-wmc
- *Kuruc v. Litscher*, 17-cv-946-jdp
- *Bull v. Hepp*, 17-cv-957-wmc

Sean Tate, the plaintiff in case no. 16-cv-826-jdp, has filed a motion to consolidate his case with Stapleton's. Dkt. 24 in the '826 case. He is correct that the two cases almost certainly involve common questions of law and fact. The same is true for the other FLCI water-quality cases. So I will consolidate these nine cases.

The attorney representing Stapleton, Timothy D. Edwards, and another member of the Wisconsin bar, Paul A. Kinne, have agreed to jointly represent all nine of the plaintiffs in the consolidated cases, with the understanding that they will serve with no guarantee of compensation for their services. I will give the attorneys a short time to respond with a notice of appearance on behalf of each plaintiff.

None of the plaintiffs are *required* to accept these lawyers' offer to represent them, and they are free to write to the court to inform me that they do not wish to be represented. But then they will be going it alone. If a plaintiff refuses representation, I will split his case off of the consolidated grouping, and it is highly unlikely that I would recruit a different set of attorneys to represent individual plaintiffs who decline this representation.

Going forward, the parties need not file submissions in each of the consolidated cases; they should file them only in case no. 16-cv-406-jdp. Stapleton has filed a motion requesting a status conference. Dkt. 64. I will grant that motion and direct the clerk of court to schedule a hearing before Magistrate Judge Stephen Crocker, but only after we have confirmed that each of the plaintiffs agrees to this representation.

ORDER

IT IS ORDERED that:

1. Alfred Franzblau and David W. Hand are appointed as experts in this case under Federal Rule of Evidence 706.

2. This case and the eight cases listed in the opinion above are consolidated under Federal Rule of Civil Procedure 42(a).

3. Counsel for plaintiff Norman Stapleton may have until August 20, 2018, to file notices of appearance in behalf of each plaintiff.

4. Plaintiff's motion for a status conference, Dkt. 64, is GRANTED.

Entered July 18, 2018.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge