IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON, PAUL ADAMS,
CRAIG BATES, DUANE BULL,
CAMERON CANADY, SCOTT COAKLEY,
KENNETH GRAY, DAVID FOLEY,
TIMOTHY GIBSON, JAMES HAMILTON,
STEPHEN KOZLOWSKI, THOMAS KURUC,
WILLIE MCGEE, ALLEN OWENS,
MICHAEL PASKEL, JAMES SMITH,
TYRONE SMITH, SEAN TATE,
and MICHAEL VAN CASTER,

                Plaintiff,

v.

KEVIN CARR, RANDALL R. HEPP,
EDWARD WALL, JON LITSCHER, GARY HAMBLIN,
CATHY JESS, MARC W. CLEMENTS, JOY TASSLER,
MICHAEL McCORMICK, PAT CHAMBERLAIN,
and JOHN MAGGIONCALDA,

                Defendants.

ORDER

16-cv-406-jdp

---

This case is about the safety of the water at the Fox Lake Correctional Institution. I previously consolidated nine individual prisoners' cases under this case number, and after consolidation, plaintiffs have amended the complaint to join several more prisoners. *See* Dkt. 87. Two sets of defendants have filed motions for summary judgment, Dkt. 99 and Dkt. 105, and plaintiffs followed with a motion for preliminary injunctive relief. Dkt. 130. Those motions are fully briefed. But some of the plaintiffs have expressed dissatisfaction with their representation.

Plaintiffs Tyrone Davis Smith and Michael Van Caster have stated their desire to end counsel's representation, sever their cases from the other plaintiffs', and have new counsel recruited. Dkt. 113. Smith followed up with a formal motion to sever, Dkt. 114. From Smith

and Van Caster's letter, I take Van Caster to be seeking severance as well. They say that counsel is not representing their best interests, and that counsel has expressed pessimism about the likelihood of success on their claims because the court-appointed water expert's report is unfavorable to them. Smith and Van Caster also say that counsel chose not to challenge the state defendants' failure to file their summary judgment motion by the dispositive-motions deadline. Davis provides a declaration from another plaintiff, Allen Owens, who says that counsel has decided not to litigate specific issues about each plaintiff's health concerns, instead focusing on the presence of hazardous chemicals in the water. *See* Dkt. 116 (Owens's declaration); Dkt. 124 (plaintiffs' summary judgment opposition brief).[1] Davis asks the court to "delve further into the actions or inactions of [counsel] to determine whether grounds [have] been laid to form basis of appointment of new counsel." Dkt. 114.

I take Smith and Van Caster to be terminating counsel's representation and asking for recruitment of new counsel. Generally speaking, plaintiffs have the right to fire their counsel if they so choose, so I will grant their motions to sever their cases—No. 17-cv-396-jdp for Smith and No. 18-cv-1009-jdp for Van Caster. I previously dismissed Van Caster's case for failure to properly amend his complaint, but plaintiffs' second amended complaint fixes that problem. I'll vacate the judgment in the '1009 case and reopen it.

But that means that if the case survives summary judgment, Smith and Van Caster will go it alone in their cases, representing themselves pro se. I previously warned plaintiffs that if they did not agree to recruited counsel's representation, it would be highly unlikely that I would find new counsel to represent them. I'm allowing them to fire recruited counsel because it is

---

[1] Owens has not filed his own motion to sever his case from plaintiffs, so I will not sever his case.

their right to do so, not because there is anything in the record that suggests that counsel have provided substandard representation that warrants replacement. Smith and Van Caster simply appear to disagree with choices made by counsel.

Counsel's assessment of the likelihood of success on the case and choice of issues on which to focus in summary judgment briefing are not reasons to consider recruiting new counsel. Nor is counsel's decision declining to challenge the late filing of the state defendants' motion for summary judgment. The state defendants filed that motion on July 22, 2019. Smith and Van Caster believe that this was about a month late because the dispositive-motions deadline was June 28. But the state defendants' summary judgment motion is not nearly as late as plaintiffs believe. The dispositive-motions deadline had been set to June 28, but plaintiffs filed an unopposed motion to extend the dispositive-motions deadline to July 19, Dkt. 91, and that motion was granted, Dkt. 92. So the state defendants' motion was only three days late. In conjunction with his motion to sever his case, Smith has filed a motion to strike the late summary judgment motion. Dkt. 118. But I will not strike a marginally late motion where there was no prejudice to plaintiffs in general or Smith or Van Caster in particular. I'll deny Smith's motion to strike.

Smith has also filed a motion for plaintiffs' counsel to provide him with a copy of the record, Dkt. 117, which I will grant. Counsel should promptly forward both Smith and Van Caster a copy of counsel's file.

Plaintiff Norman Stapleton has also filed documents related to counsel's representation. Stapleton submitted a copy of a letter he sent counsel explaining that he wanted counsel to include in the summary judgment opposition evidence that Stapleton informed prison staff that he was harmed by the water because his high blood pressure made him particularly

3

susceptible to harm from lead. Dkt. 120-1. Stapleton has also filed a motion to stay the case because he has not received a copy of plaintiffs' materials opposing summary judgment; he asks for either counsel or the court to send him a copy of those materials. Dkt. 133.

I take Stapleton to be saying that he is considering terminating counsel's representation as well, but that he can't make that decision without seeing the summary judgment materials. I'll grant Stapleton's motion by directing counsel to send Stapleton a copy of the summary judgment opposition materials if they have not already done so. I'll give Stapleton a short time to decide whether he also wishes to terminate counsel's representation. If Stapleton does so, he'll be in the same boat as Smith and Van Caster: I won't recruit new counsel for him, and if the case survives summary judgment, he will have to represent himself.

ORDER

IT IS ORDERED that:

1. Plaintiffs Tyrone Davis Smith's and Michael Van Caster's motions to sever their cases, Dkt. 113 and Dkt. 114, are GRANTED.

2. Smith's claims will proceed in Case No. 17-cv-396-jdp.

3. Van Caster's claims will proceed in case no. 18-cv-1009-jdp. The judgment in that case is VACATED and the case is reopened.

4. Smith's motion for the court's assistance in recruiting him new counsel, Dkt. 114, is DENIED.

5. Smith's motion to strike the state defendants' motion for summary judgment, Dkt. 118, is DENIED.

6. Smith's motion for plaintiffs' counsel to provide him with a copy of their file, Dkt. 117, is GRANTED.

7. Plaintiff Norman Stapleton's motion regarding legal materials, Dkt. 133, is GRANTED in part; plaintiffs' counsel should promptly provide Stapleton with a copy of plaintiffs' summary judgment opposition materials.

8. Stapleton may have until November 8, 2019, to inform the court whether he wishes to remain represented by counsel.

Entered October 25, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge