IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON, PAUL ADAMS,
CRAIG BATES, DUANE BULL,
CAMERON CANADY, SCOTT COAKLEY,
KENNETH GRAY, DAVID FOLEY,
TIMOTHY GIBSON, JAMES HAMILTON,
STEPHEN KOZLOWSKI, THOMAS KURUC,
WILLIE MCGEE, ALLEN OWENS,
MICHAEL PASKEL, JAMES SMITH,
SEAN TATE, and MICHAEL VAN CASTER,

    Plaintiffs,

 v.

KEVIN CARR, RANDALL R. HEPP,
EDWARD WALL, JON LITSCHER, GARY HAMBLIN,
CATHY JESS, MARC W. CLEMENTS, JOY TASSLER,
MICHAEL McCORMICK, PAT CHAMBERLAIN,
and JOHN MAGGIONCALDA,

    Defendants.

ORDER

16-cv-406-jdp

---

The court held a status conference by video on April 29, 2020, to discuss how the case should proceed. Based on the report of court-appointed expert David W. Hand, there is no basis for proceeding against those responsible for the water supply. The parties agree that the proper defendants would be the individual plaintiffs' medical providers, not the DOC and institution officials currently named as defendants. The parties, and the court, also agreed that these claims would eventually have to proceed in separate cases.

The court and the parties discussed a process to gather the medical information necessary to amend the complaint to include plaintiffs' medical care claims against the proper defendants. Another focus of the hearing was a discussion about how to use the court-appointed medical and toxicology expert, Alfred Franzblau, to evaluate the claims by the

plaintiffs in this consolidated case, and the plaintiffs who have brought similar claims about Fox Lake Correctional Institution water but whose lawsuits are currently stayed. The court and the parties agreed that counsel would seek plaintiffs' authorization to release pertinent medical records, which Franzblau would review for an expert report that could be used in all of the FLCI water cases. The parties agreed on a schedule for the next phases of the case, set forth below:

    May 14, 2020: The deadline for plaintiffs to inform defendants and the court which of the currently joined plaintiffs will pursue medical care claims. The plaintiffs who are not pursuing medical care claims will be dismissed. Also by this date, the court will update the parties on which of the stayed FLCI water cases include medical care claims. The court will inform plaintiffs in the stayed cases that the DOC will be seeking release of their medical records. Counsel for defendants will request authorization for the release of medical records for all plaintiffs with medical care claims.

    June 18, 2020: The deadline for the Department of Corrections to provide medical records from the plaintiffs who provide releases.

    August 20, 2020: The deadline for Franzblau to produce an expert report based on the evidence already adduced about the FLCI water testing data and the medical records produced from the joined plaintiffs in this case and the plaintiffs with currently stayed cases.

    September 2, 2020: The deadline for plaintiffs' third amended complaint. The court expects this complaint to address only the medical care claims of the plaintiffs in this case, not those for the plaintiffs in the stayed cases.

    After the court receives the third amended complaint, it will screen the medical care claims. The court will entertain a motion to withdraw by plaintiffs' counsel at that point. The

court expects that, after screening, this case will be severed, and each plaintiff will proceed in a separate case, and the stay will be lifted in the stayed cases.

ORDER

IT IS ORDERED that the schedule is amended as discussed above.

Entered April 30, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge