IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON, CRAIG BATES,
DUANE BULL, CAMERON CANADY,
TIMOTHY GIBSON, THOMAS KURUC,
ALLEN OWENS, and SEAN TATE,

          Plaintiffs,

v.                                                                                    ORDER

KEVIN CARR, RANDALL R. HEPP,                                    16-cv-406-jdp
EDWARD WALL, JON LITSCHER, GARY HAMBLIN,
CATHY JESS, MARC W. CLEMENTS, JOY TASSLER,
MICHAEL McCORMICK, PAT CHAMBERLAIN,
and JOHN MAGGIONCALDA,

          Defendants.[1]

---

The parties are currently in the process of (1) obtaining authorization for the release of medical records by the plaintiffs remaining in this case and by 11 non-consolidated plaintiffs with Fox Lake Correctional Institution water claims involving medical issues; and (2) providing copies of those medical records to the court-appointed medical and toxicology expert, Alfred Franzblau.

That process has gone slower than expected. The parties have filed a joint status report, Dkt. 176, asking for the deadlines for these steps to be extended—to July 15, 2020 to obtain authorizations and to September 18, 2020 for the DOC to provide the records to plaintiffs' counsel. I will grant that motion.

---

[1] The status report that is the subject of this order was filed in the consolidated *Stapleton* case, but because my rulings here affect all of the non-consolidated plaintiffs with FLCI water claims as well, the clerk of court is directed to docket this order in all of those cases too.

The parties also ask for clarification about the scope of Franzblau's review, stating that they are unclear from the various orders that I have issued in this case and the non-consolidated plaintiffs' cases whether I intend for Franzblau to review the medical records of each individual plaintiff; at this point there are either 19 or 20 total plaintiffs.[2] Plaintiffs' counsel proposes that Franzblau produce two reports for the counseled plaintiffs. The first would be a "foundational report" produced by September 1, after Franzblau reviews a list of the medical conditions presented by those plaintiffs, and a "follow-up, more detailed report . . . to be completed in the future." Dkt. 176, at 6. Defendants are on board with the counseled plaintiffs' proposed "foundational report" but they object to a later follow-up report. Defendants argue that it would be inefficient to pay for Franzblau (working at $600 an hour) to examine individual plaintiffs' records because plaintiffs' proposed claims will likely be narrowed by the screening process or by exhaustion motions.

The counseled plaintiffs' proposal is not consistent with the framework that I have already discussed with the parties because it suggests that Franzblau will have the opportunity to issue a second report sometime later in the proceedings. I have appointed Franzblau to serve as an expert only so long as there exists a consolidated case with plaintiffs represented by counsel. Plaintiffs' counsel has already indicated that they will seek to withdraw after amending the complaint rather than fully litigating up to nine separate single-plaintiff lawsuits. Neither the individual plaintiffs nor the court's pro bono reimbursement fund have the resources to

---

[2] I gave plaintiffs' counsel until June 15 to respond to the letter the court received by now-dismissed plaintiff James Smith, Dkt. 174, explaining whether Smith will be rejoining the case. I'll extend that deadline to June 22.

pay plaintiffs' half of the expert compensation once these cases are split into multiple individual lawsuits.

I conclude that we should stick with the original plan that Franzblau issue one general report that can be used in all of the FLCI water cases. To be clear, I do not expect Franzblau to prepare fully detailed individual assessments of each plaintiff's claims. Franzblau should address (1) the threat the water posed given the reported contaminant levels; (2) whether and how the threat was elevated by the types of pre-existing conditions reported by plaintiffs or mentioned in the DNR's educational materials posted following exceedances at FLCI; (3) his opinion, if he has one, about how a medical professional should respond to the risks posed by these types of conditions; and (4) any other opinion or testimony that he believes would be generally useful to these cases.

Given my adjustments to the schedule above, I'll adjust the deadline for Franzblau's report to November 18, 2020, and the new deadline for the counseled plaintiffs' amended complaint will be December 2, 2020.

As far as the scope of materials that Franzblau is expected to review, it is up to the consolidated plaintiffs' counsel to decide what to share with Franzblau regarding those plaintiffs. I envisioned Franzblau receiving all of the plaintiffs' medical records—not for him to pore over in excruciating detail at $600 an hour, but for him to refer as needed to understand the categories of health problems alleged by the plaintiffs. If counsel chooses to share less information with Franzblau or compile their own summary to give to him, they may do so.

As for each uncounseled, unconsolidated plaintiff, Franzblau should receive the medical records for each plaintiff who authorizes release. Because it may help Franzblau quickly understand plaintiffs' claims without digging through voluminous medical records, I will direct

the clerk of court to send plaintiffs' counsel copies of each unconsolidated plaintiff's complaint and the court's corresponding screening order, to forward to Franzblau.

There is one final item. The court has received a letter from consolidated plaintiff Allan Owens asking for clarification about counsel's plan for further medical treatment. Dkt. 177. As with virtually any correspondence from a represented party, the court will not respond to Owens's letter. It's counsel's task to communicate with their client.

ORDER

IT IS ORDERED that:

1. The parties' joint motion to amend the schedule, Dkt. 176, is GRANTED. The schedule is amended as discussed above.

2. The clerk of court is directed to send plaintiffs' counsel the materials discussed above.

Entered June 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge