IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON, CRAIG BATES,
DUANE BULL, CAMERON CANADY,
TIMOTHY GIBSON, THOMAS KURUC,
ALLEN OWENS, and SEAN TATE,

Plaintiff,

v.

ORDER

KEVIN CARR, RANDALL R. HEPP,
EDWARD WALL, JON LITSCHER, GARY HAMBLIN,
CATHY JESS, MARC W. CLEMENTS, JOY TASSLER,
MICHAEL MCCORMICK, PAT CHAMBERLAIN,
and JOHN MAGGIONCALDA,

16-cv-406-jdp

Defendants.

---

Court-recruited counsel for the consolidated plaintiffs have filed a motion to withdraw from the case. Dkt. 226. For the reasons stated in my previous order, Dkt. 225, I will grant that motion. I will deny as moot counsel's alternative request for a status conference. Dkt. 224.

Counsel's withdrawal means that each of the plaintiffs whose cases were consolidated in this one will now be proceeding on their own without counsel. The same goes for all of the plaintiffs bringing cases about the water quality at Fox Lake Correctional Institution whose lawsuits were not consolidated with this one but were stayed pending resolution of the consolidated case.

Although each plaintiff's case will now be proceeding separately, my rulings in the consolidated case apply to each plaintiff's case. Based on the court-appointed water-quality expert's report, I dismissed the consolidated plaintiffs' claims that prison officials violated their Eighth Amendment right to be free from cruel and unusual conditions of confinement by

subjecting them to unsafe and aesthetically unpleasing drinking water caused by high levels of lead, copper, iron, and manganese. Dkt. 160.

The consolidated case did not resolve medical care claims about the health risks posed by Fox Lake's water to particular inmates and the treatment of medical conditions that were caused by the water. All of the parties now have the report issued by court-appointed medical and toxicology expert Alfred Franzblau. The next step is for each plaintiff to submit an amended complaint containing only the plaintiff's medical care claims. I will give each plaintiff a deadline to submit his amended complaint, and I will screen each plaintiff's complaint separately.

Plaintiffs Duane Bull and Tyrone Davis Smith have each filed motions to clarify the status of his respective case. Dkt. 211 in this case and Dkt. 121 in case no. 17-cv-396. This order addresses plaintiffs' questions about how each case will proceed: each plaintiff's current task is to submit an amended complaint.

Plaintiff Norman Stapleton has filed a motion for the court's assistance in recruiting him counsel. Dkt. 228. But as I stated in my previous order, plaintiffs should not need recruitment of counsel to submit an amended complaint. Dkt. 225, at 3–4.

## ORDER

IT IS ORDERED that:

1. Plaintiffs' counsel's motion to withdraw, Dkt. 226, is GRANTED.
2. Counsel's motion for a status conference, Dkt. 224, is DENIED as moot.
3. The stay is lifted in each of the above-listed cases, and each case will proceed individually, unconsolidated from the others.
4. Each plaintiff may have until July 21, 2021, to submit an amended complaint.

5. Plaintiffs' motion for clarification, Dkt. 211 in this case and Dkt. 121 in case no. 17-cv-396, are GRANTED.

6. Plaintiff Stapleton's motion for the court's assistance in recruiting him counsel, Dkt. 228, is DENIED without prejudice.

Entered June 21, 2021.

BY THE COURT:

/s/

________________________________________

JAMES D. PETERSON
District Judge