IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN STAPLETON,

                      Plaintiff,

v.

RANDALL R. HEPP and EDWARD WALL,

                      Defendants.

OPINION and ORDER

16-cv-406-jdp

---

Plaintiff Norman Stapleton, appearing pro se, is a former prisoner at Fox Lake Correctional Institution (FLCI). Stapleton is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. I consolidated several prisoners' claims with Stapleton's case, recruited counsel, and appointed water and medical/toxicology experts. I ultimately granted summary judgment to defendants on plaintiffs' claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. Dkt. 160; 438 F. Supp. 3d 925 (W.D. Wis. Feb. 7, 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water problems at FLCI, but that instead, they successfully remediated the lead and copper in the water to concentrations well below government-mandated thresholds. *Id.* at 938–40. My decision did not resolve medical care claims about the health risks posed by FLCI's water to particular inmates and the treatment of medical conditions that were caused by the water.

After the court-appointed medical and toxicology expert received medical records from both consolidated and unconsolidated plaintiffs and issued his report, I granted court-recruited counsel's motion to withdraw and I lifted the stay in each FLCI water case. I directed each

plaintiff to submit an amended complaint limited to the plaintiff's medical care claims. Dkt. 229.

Stapleton has responded to that order by asking to proceed with his original pro se complaint. Dkt. 231. The court previously granted Stapleton leave to proceed on claims that defendants Randall Hepp (former FLCI warden) and Edward Wall (former DOC secretary) ignored his complaints that he was particularly susceptible to injury from lead in the water because of his high blood pressure and refused to provide free bottled water to inmates like him who were subjected to elevated risk. Dkt. 7.

But I conclude that Stapleton's allegations no longer state claims upon which relief may be granted. Stapleton cannot maintain a claim for injunctive relief because he is no longer incarcerated at FLCI or even anywhere else in the Wisconsin system. Nor can he bring a claim for damages against these particular defendants because he does not suggest that he actually suffered any medical problems because of the water. Even if he had noted medical problems, he doesn't allege enough to support claims that Hepp and Wall were responsible for denying him treatment for any serious medical need. Stapleton alleges that he alerted these officials to his particular vulnerability to lead in the water, and that DOC officials knew that inmates with high blood pressure were at increased risk: they issued memos stating that "adults with high blood pressure can be [affected] more that healthy adults with lower levels of lead." Dkt. 1, at 5. But I've already granted summary judgment to non-medical officials—including Hepp and Wall—because they undertook efforts to remediate lead and other contaminants in the water. The question whether prison officials should have also given free water bottles specifically to inmates suffering from pre-existing conditions like high blood pressure is a medical question that Hepp and Wall weren't plausibly responsible for answering. *See Burks v. Raemisch*, 555 F.3d

592, 595 (7th Cir. 2009) ("[T]he Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."). Because Stapleton doesn't present claims against medical officials for the particular risk he faced due to his high blood pressure, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Norman Stapleton's failure to state claims for relief following the court's February 7, 2020 summary judgment opinion, Dkt. 160.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered August 9, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge